(No. 2388— )

PAUL A. YOGGERST, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 22, 1939.*

CLARENCE B. DAVIS, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Prior to and on June 6th, 1933 the claimant, Paul A. Yoggerst, was a sergeant in Troop F, 106th Cavalry, Illinois National Guard. On the last mentioned date, while participating in authorized military drill at the Coliseum in the State Fair Grounds at Springfield, Illinois, he was thrown from his horse and trampled, whereby he was injured in and about his right ankle, right arm, right shoulder and spine. He was under the care of Dr. David H. McCarthy of Springfield, his family physician, from June 6th to June 21st, 1933. Thereafter he was treated at the Illinois Research Hospital and the College of Medicine, Department of Neuropsychiatry, in Chicago.

Claimant was twenty-nine years of age at the time of the injury, was a single man and had no dependents. Prior to the time of his injury he was employed as a clerk in his father's grocery store and market in Springfield, and was paid from $10.00 to $15.00 per week in addition to board and room.

About four months after the injury he returned to his former employment, and during the first few months thereafter was able to perform about half of his usual duties. He was partially incapacitated for over a year after the injury, but the only permanent disability is in the right arm. He participated in a horse show held at the State Fair Grounds on May 30th, 1934, and placed third in the Olympic Hurdles, and second in the Jumpers. He is still working as a clerk in his father's grocery, and is earning slightly more at this time than he did at the time of his injury.

He continued on the active list with the Illinois National Guard until January 23d, 1939, when he was placed on the inactive list in the capacity of a second lieutenant.

At the time of the taking of testimony herein (March, 1939) he was able to perform the usual work incident to his employment, but would not have been able to perform the ordinary work of a laborer. Apparently his recovery has been complete as to all of his injuries except the injury to his right arm.

There was an injury to the muscles and nerves of the right arm and a severe contusion of the cervical spine which induced a trauma of the brachial plexus, with a resulting atrophy of the muscles of the arm and forearm, from which there has been a partial recovery.

Claimant's right to an award is based upon the provisions of the Military and Naval Code of this State (Ill. Rev. Stat. 1937, Chap. 129), Sections 10 and 11 of Article XVI of which are as follows:

Sec. 10. "Any officer or enlisted man of the National Guard or Naval Reserve who may be wounded or disabled in any way, while on duty and lawfully performing the same, so as to prevent his working at his profession, trade or other occupation from which he gains his living, shall be entitled to be treated by an officer of the medical department detailed by the surgeon general, and to draw one-half his active service pay, as specified in Sections 3 and 4 of this article, for not to exceed thirty days of such disability, on the certificate of the attending medical officer; if still disabled at the end of thirty days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers, duly convened by order of the Commander-in-Chief, may determine to be right and just, but not to exceed six months, unless approved by the State Court of Claims."

Sec. 11. "In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department."

All medical, surgical and hospital services were performed by the respondent, and the claimant was paid the compensation to which he was entitled under the aforementioned provisions of the Military and Naval Code.

The only question now for consideration is the amount of compensation to which claimant is entitled for the injuries sustained by him as above set forth.

The only testimony in the record regarding the extent of claimant's injuries is the testimony of the claimant himself, and the testimony of the treating physician. From such testimony it appears that the claimant was totally and permanently disabled for approximately four months after the accident; that he was partially disabled for an additional

period of over eight months; and that he has a permanent disability of his right arm.

Under all of the facts in the record, we feel that claimant is entitled to additional compensation in the sum of Ten Hundred Eighty-three Dollars ($1,083.00), and an award is therefore entered in favor of the claimant for such amount.